# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Filed:____________

GUERLINE BENJAMIN,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

Defendant.

INDEX NO.

Plaintiff designates Nassau County as the place of trial.

**SUMMONS**

The basis of venue is Situs of the Accident

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
February 16, 2024

**By: Victoria Hovsepyan**
**HOVSEPYAN LAW GROUP, P.C.**
Attorneys for Plaintiff
1111 Avenue U, 3rd Floor
Brooklyn, New York 11223
(718) 449-7491

**COSTCO WHOLESALE CORPORATION**
c/o C T CORPORATION SYSTEM
28 LIBERTY ST., NEW YORK,
NY, UNITED STATES, 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

INDEX NO.

GUERLINE BENJAMIN,

Plaintiff,

**COMPLAINT**

-against-

COSTCO WHOLESALE CORPORATION,

Defendant.

Plaintiff, by her attorneys, **HOVSEPYAN LAW GROUP, P.C.**, as and for her Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, GUERLINE BENJAMIN, at all times herein mentioned was and still is a resident of the County of Nassau, Hamlet of Roosevelt, Town of Hempstead, and the State of New York.

2. The defendant COSTCO WHOLESALE CORPORATION, at all times herein mentioned, was and still is a foreign business corporation company organized and existing under the laws of the State of Washington.

3. The defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant COSTCO WHOLESALE CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

5. At all times herein mentioned, defendant COSTCO WHOLESALE CORPORATION expected or should reasonably have expected its acts to have consequences in the State of New York.

6. At all times herein mentioned, defendant COSTCO WHOLESALE CORPORATION derived substantial revenue from interstate or international commerce.

7. At all times herein mentioned, GUERLINE BENJAMIN was lawfully upon defendant's premises.

8. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION was the owner of the premises known as 1250 OLD COUNTRY RD, WESTBURY, NY.

9. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees operated the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

10. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees maintained the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

11. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees managed the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

12. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees controlled the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

13. At all times herein mentioned, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees supervised the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

14. On or before April 10th, 2023, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees repaired the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

15. On or before April 10th, 2023, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees inspected the premises located at

1250 OLD COUNTRY RD, WESTBURY, NY.

16. On or before April 10th, 2023, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees constructed the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

17. On or before April 10th, 2023, the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees designed the premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.

18. At all times herein mentioned, it was the duty of the defendant COSTCO WHOLESALE CORPORATION, defendant's servants, agents and/or employees to maintain said premises located at 1250 OLD COUNTRY RD, WESTBURY, NY, in a reasonably safe and suitable condition and in good repair.

20. At the aforesaid time and place GUERLINE BENJAMIN was caused to be injured on the aforesaid premises.

21. At the aforesaid time and place GUERLINE BENJAMIN was caused to be seriously injured on the aforesaid premises.

22. At the aforesaid time and place GUERLINE BENJAMIN was caused to be permanently injured on the aforesaid premises.

23. The aforesaid occurrence and resulting injuries to GUERLINE BENJAMIN were solely as a result of the defendant's negligence, carelessness and recklessness, in the ownership, leasing, operation, maintenance, management, control, supervision, repair and inspection of the aforesaid premises.

24. The defendant COSTCO WHOLESALE CORPORATION caused and created said dangerous, defective and unsafe condition.

25. The defective and unsafe condition was created through special use of the premises.

26. By reason of the foregoing, the plaintiff, GUERLINE BENJAMIN, was damaged by

the defendant.

27. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules. Particularly the exception set forth in Section 1602(6).

28. Due to defendant's negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Brooklyn, New York
February 6 2024

**By: Victoria Hovsepyan, Esq.**
**HOVSEPYAN LAW GROUP, P.C.**
Attorneys for Plaintiff
1111 Avenue U, 3rd Floor
Brooklyn, New York 11223
(718) 449-7491