UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GUERLINE BENJAMIN,    2:24-cv-07399-NJC-LGD

                          Plaintiff,

                                                                                   **PLAINTIFF'S REPLY**
                                                                                              **MEMORANDUM IN SUPPORT**
                                                                                              **OF HER MOTION TO REMAND**

COSTCO WHOLESALE CORPORATION,

                          Defendants.

---------------------------------------------------------------X

      Victoria Hovsepyan, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

      1.     I am the Principal of the law firm of HOVSEPYAN LAW GROUP, P.C., attorneys for the plaintiff herein, and as such am fully familiar with the facts and circumstances surrounding this action.

      2.     I respectfully submit this affirmation in reply to defendant's opposition to the Plaintiffs' motion to remand the instant action to state court.

      3.     This is an action for serious personal injuries sustained by the plaintiff, GUERLINE BENJAMIN, as a result of the negligence of the defendant that occurred on April 10, 2023. At the time of the accident, **Plaintiff GUERLINE BENJAMIN was lawfully upon defendant COSTCO WHOLESALE CORPORATION premises located at 1250 OLD COUNTRY RD, WESTBURY, NY.** At the aforementioned place, Plaintiff GUERLINE BENJAMIN sustained severe and permanent personal injuries *inter alia* to his right shoulder, right elbow, and right wrist and was required to undergo surgeries on her right shoulder and right wrist. As will be demonstrated

below, defendant's opposition lacks sufficient support to justify retention of federal court jurisdiction.

4. To establish federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, the defendant has the burden of demonstrating that the amount in controversy exceeds $75,000. The defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. This means that the defendant must show that it is more likely than not that the total damages exceed $75,000. *See* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936), where the Supreme Court held that the party invoking federal jurisdiction bears the burden of proving the jurisdictional amount. The defendant may rely on the allegations in the complaint and any evidence submitted to support their claim of the amount in controversy. **Courts have consistently held that the amount in controversy can be established through various forms of evidence, including medical records, affidavits, and other documentation**. In Klein v. E. I. Du Pont De Nemours & Co., 406 F.2d 1004, 1006 (2d Cir. 1969), the court emphasized that the defendant must provide concrete evidence to support the amount in controversy assertion.

5. While the plaintiff is not required to specify an exact amount in controversy in the complaint, the defendant can infer the potential damages based on the claims made. For instance, in Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81 (2014), the Supreme Court noted that a defendant's notice of removal need only include a short and plain statement of the grounds for removal, but the defendant must still demonstrate the amount in controversy. In Gordon v. N.Y. Cent. R.R. Co., 202 F. Supp. 2d 290, 292 (W.D.N.Y. 2002), the court reiterated that the burden is on the defendant to establish that the jurisdictional threshold is satisfied, which includes demonstrating

that the amount in controversy exceeds $75,000. This reinforces the necessity for the defendant to provide adequate evidence and justification for their removal to federal court.

6. In the instant case, even though the Plaintiff's Complaint did not specifically state an amount in controversy, the Defendants should have reasonably inferred that the claimed damages exceeded the jurisdictional threshold of $75,000 based on the medical records provided to the Defendants' carrier. Courts have consistently held that a defendant may establish the amount in controversy based on the allegations in the complaint and **any relevant evidence that sheds light on potential damages**. The standard for determining whether the amount in controversy requirement is met is whether it is "more likely than not" that the amount exceeds the jurisdictional threshold. *See* Mitchell v. JCG Industries, 2010 WL 4975563, at *3 (N.D. Ill. Dec. 1, 2010).

7. In the case at bar, the medical records clearly indicate that the Plaintiff underwent two surgeries as a direct result of the Defendant's alleged negligence. The nature and extent of these medical procedures typically suggest substantial medical expenses, potential lost wages, and pain and suffering, all of which contribute to the overall damages that the Plaintiff may seek. Courts have recognized that surgical procedures often entail significant costs and can lead to damages well exceeding $75,000. *See* Hollander v. Sweeney, 2005 WL 1994045, at *3 (S.D. Ind. Aug. 17, 2005), where the court held that the need for multiple surgical procedures was sufficient to establish that the amount in controversy exceeded the jurisdictional threshold.

8. The legal standard requires that a defendant demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Given the serious nature of the Plaintiff's injuries and the necessity of surgical interventions, it would be reasonable for the Defendants to infer that the total damages, including past and future medical expenses, loss of earning capacity, and non-economic damages such as pain and suffering, would likely surpass

$75,000. Moreover, the Defendants had a duty to conduct a thorough investigation into the claims presented against them, which includes reviewing available medical records that provide insight into the Plaintiff's condition and treatment. Courts have emphasized that the duty to investigate is part of a defendant's responsibility in determining the appropriateness of federal jurisdiction. *See* Davis v. S. Farm Bureau Cas. Ins. Co., 2019 WL 3452601, at *2 (W.D. Ark. July 31, 2019), where the court noted that a defendant's failure to adequately assess the extent of damages can impact jurisdictional determinations.

9. Consequently, the Defendants cannot simply rely on the absence of a specified damages amount in the Complaint as a basis for removal; they are expected to reasonably infer the potential damages from the information available to them. Failure to do so undermines their argument for federal jurisdiction and reinforces the appropriateness of remanding the case to state

**WHEREFORE**, your affirmant respectfully requests that this Honorable Court disregard the opposition of Defendant COSTCO WHOLESALE CORPORATION and grant the Plaintiff's motion in its entirety, together with such other and further relief as this Court deems just and proper under the circumstances.

Dated: Brooklyn, New York
January 17th, 2025

_Victoria Hovsepyan_
Victoria Hovsepyan, Esq.