**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
GUERLINE BENJAMIN,

                  Plaintiff,

       v.

COSTCO WHOLESALE CORPORATION,

                 Defendant.
---------------------------------------------------------X

                 **2:24-cv-07399 (LGD)**

                 **DECLARATION IN**
                 **RESPONSE TO ORDER**
                 **TO SHOW CAUSE**

      I, Victoria Hovsepyan, declare under penalty of perjury that the following facts and statements are true and correct:

      1.      I am an attorney admitted to practice in the State of New York. I was admitted *pro hac vice* in the U.S.D.C. for the Eastern District of New York to represent the plaintiff in this matter.

      2.      I respectfully submit this Declaration in response to the Court's Order to Show Cause dated February 12, 2025. I sincerely apologize to Your Honor and the Court. I am personally and professionally embarrassed and am doing what I can to remedy and rectify my conduct in filing the Reply Memorandum on January 17, 2025. See ECF No 19 (the "Reply").

      3.      As Your Honor's Order to Show Cause found, five of the seven cases cited in that Reply are nonexistent. I had used AI ("ChatOn") to draft the Reply but failed to review the Reply before filing it. Not only did I not review the cases cited in the Reply, but, as Your Honor noted, the Reply did not even mention my original argument for why the matter should be remanded, namely, because the defendant's removal was untimely. It was a disaster.

      4.      When I received the Court's February 12, 2025 Order, I immediately contacted a friend and colleague who is an administrative law judge in California. He educated me about AI and explained that AI "hallucinating" cases is an ongoing and troubling issue for lawyers. I had not been aware that AI can provide false information and make up cases. I thought that ChatOn

was as accurate and reliable as other legal research tools, such as Westlaw, which I regularly use. I am not a frequent AI user and had never before used AI for legal research or anything law- or case-related. Until this occurred, I clearly had been living in a bubble and was not aware of the many lawyers and law firms who have similarly relied on AI, to their detriment.

5.    Although it is no excuse, I had very little time to draft the Reply. I thought that using AI would be faster and more efficient than using Westlaw. It was a colossal misjudgment on my part. Although I skimmed the Reply that ChatON produced, I clearly did not really read it. Not only did I miss the fact that five of the cases cited were nonexistent, but the argument in the Reply supported the defendant's removal of the action to this Court, rather than my motion to remand to New York State Supreme Court.

6.    I do not seek to excuse or minimize my conduct. I failed to make sure the cases cited in the Reply existed and were accurate and I failed to make sure that the arguments advanced in the Reply made sense, which in this case they did not. What I did was unacceptable. I wasted the Court's time and resources. I am embarrassed and angry with myself and apologize to the Court and the opposing counsel for my inexcusable conduct. I am especially dissatisfied with myself because I knew better. While I was in law school, I served on the Hofstra Law Review, which was a great honor. I was well trained in legal research and holding myself to the exacting standards of the legal profession. I knew that I should never file a document or make an argument to a court that was not reviewed carefully first. As a law student, I never would have submitted an unreviewed paper to a professor or a law review mentor. How much more exacting are the duties imposed on lawyers.

7.    This has been a frightening and humiliating experience. I am determined to learn from my misjudgments and am taking several steps that I hope will help me become a better and more careful lawyer. I am working with an ethics attorney to make sure that I am in compliance

with my professional obligations and become more aware of the pitfalls associated with the use of generative AI and other technology. Also, an experienced New York federal court practitioner has agreed to mentor me in this matter and others, as needed. I am relatively unfamiliar with federal practice and the guidance of an experienced mentor will be invaluable in many ways.

8.      I have taken two CLE classes in the past week, focusing on AI and the practice of law.  I am planning to take more CLEs on this topic as well as on federal civil practice. The CLEs have been very helpful and included a survey of the drastic consequences for attorneys, like me, who have failed to verify the accuracy of their submissions.

9.      I neglected my obligation to make sure that everything I submitted to the Court was accurate and proper. Although I did not intend to deceive or mislead the Court, I risked doing just that.  In response to the Court's Order to Show Cause, I have provided copies of all cases cited in ECF No. 12-1 (Memorandum in Support of Motion to Remand), as well as the two existing cases cited in ECF No. 19 (the Reply).  I withdrew Plaintiff's motion to remand and the Court ordered that the motion be denied with prejudice.  I served a copy of the Court's February 12, 20225 Order on the Plaintiff and filed proof of service.  See ECF No 26, 27, and 30.

10.      I respectfully request that the Court exercise its discretion and, in light of my efforts to rectify and remedy my conduct, not impose sanctions pursuant to Rule 11, Section 1927 or the Court's inherent authority.  I hope that my future conduct before Your Honor will demonstrate the depth of my remorse in this matter and my commitment to complying with the highest standards of the profession, without the need for the imposition of formal sanctions.  If further steps are advisable or recommended, I would welcome Your Honor's further direction.

Having reviewed this Declaration, I declare, under penalty of perjury that the foregoing is true and correct.

Executed on February 26th, 2025

*Victoria Hovsepyan*
_____
VICTORIA HOVSEPYAN

3